UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>v.<br>LEILANI LEW,<br><br>                       Defendant. | Case No. 2:17-CR-00021-JCM-GWF<br><br>**FINDINGS AND RECOMMENDATION**<br><br>**Re:  Motion to Dismiss (ECF No. 254)** |

      This matter is before the Court on Defendant Leilani Lew's Motion to Dismiss (ECF No. 254), filed on March 23, 2018.  The Government filed its Response (ECF No. 267) on April 5, 2018, and Defendant filed her Reply (ECF No. 272) on April 13, 2018.  The Court conducted a hearing in this matter on April 17, 2018.

## **BACKGROUND**

      Defendant Leilani Lew was initially charged in a superseding criminal indictment filed on February 8, 2017.  *Superseding Criminal Indictment* (ECF no. 14).  Count One of the indictment alleged that Defendant Lew participated in a conspiracy to commit mail fraud and wire fraud in connection with telemarketing, in violation of 18 U.S.C. §1349, that occurred from October 2010 to April 2012.  *Id.* at 1.  The alleged objective of the conspiracy was to cheat timeshare owners out of money by promising to sell timeshares in return for the owners paying in advance half the costs associated with the purported sales.  However, there were no buyers and the timeshare sales never occurred and were never arranged.  *Id.* at 2.  Defendant Daniel Boyar was the alleged leader of the conspiracy.  Boyar allegedly operated a call room in or near

Orlando, Florida where he led more than five coconspirators in the execution of the fraud scheme.  Defendant Lew allegedly participated as an administrator in the entire fraudulent scheme and engaged in various acts in furtherance of the conspiracy.  *Id.* at 2-7.  Defendant Lew is charged in Counts Two and Three of the indictment with acts of mail fraud that occurred on February 10, 2012 and March 19, 2012, and with acts of wire fraud that occurred on February 9, 2012 and March 19, 2012.  *Id.* at 7-9.  These same charges are repeated in the third superseding indictment that was filed on April 12, 2017.  *Third Superseding Indictment* (ECF No. 129).

Defendant Lew asserts as an "undisputed fact" that she was employed by the business which allegedly conduct the fraud scheme from October 16, 2010 until August 19, 2011.  She asserts that her employment and alleged participation in the fraud scheme ended in August 2011.  *Motion to Dismiss* (ECF No. 254), at 5-6.  She therefore argues that the charges against her are barred by the five-year statute of limitations set forth in 18 U.S.C. § 3282.  The Government contends, however, that because Plaintiff participated in a conspiracy that was still ongoing within the limitations period, the statute of limitations does not preclude her prosecution unless she can prove that she withdrew from the conspiracy prior to February 8, 2012.  The Government further argues that Defendant's alleged withdrawal is a question of fact to be determined at trial.

**DISCUSSION**

In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment.  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).  "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence . . . The Court should not consider evidence not appearing on the face of the indictment."  *Id.* (quoting *Jensen*, 93 F.3d at 669).  *See also United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014).

18 U.S.C. § 1349 provides that any person who attempts or conspires to commit mail fraud under 18 U.S.C. § 1341 or wire fraud under 18 U.S.C. § 1343, shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the conspiracy. Co-conspirators are criminally liable for reasonably foreseeable overt acts committed by others in furtherance of the conspiracy they have joined, whether they are aware of them or not. *Pinkerton v. United States*, 328 U.S. 640, 647, 66 S.Ct. 1180 (1946); *United States v. Hernandez-Orellana*, 539 F.3d 994, 1007 (9th Cir. 2008); *United States v. Gadson*, 763 F.3d 1189, 1214-15 (9th Cir. 2014). Due process, however, constrains the application of *Pinkerton* where the relationship between the defendant and the substantive offense is slight. *Gadson*, 763 F.3d at 1216.

In order for the conspiracy to have occurred during the statute of limitations period, only one overt act in furtherance of the conspiracy must have occurred during that period. *United States v. Wilbur*, 674 F.3d 1160, 1171 (9th Cir. 2012) (citing *United States v. Fuchs*, 218 F.3d 957, 961 (9th Cir. 2000)). "The general rule is that a 'conspiracy continues until there is affirmative evidence of abandonment, withdrawal, disavowal or defeat of the object of the conspiracy.'" *Id.* at 1176 (quoting *United States v. Recio*, 371 F.3d 1093, 1096 (9th Cir. 2004)). "To withdraw from a conspiracy, a defendant must either disavow the unlawful goal of the conspiracy, affirmatively act to defeat the purpose of the conspiracy, or take 'definitive, decisive, and positive' steps to show that the [defendant's] disassociation from the conspiracy is sufficient.'" *United States v. Lothian*, 976 F.2d 1257, 1261 (9th Cir. 1992) (quoting *United States v. Loya*, 807 F.2d 1483, 1493 (9th Cir. 1987)). *See also United States v. Flores*, 279 Fed.Appx. 443 (9th Cir. 2008) (unpublished decision); *United States v. Kopp*, 464 Fed.Appx. 662, 663-4 (9th Cir. 2012) (unpublished decision). Once the government has proven that the defendant was a member of the conspiracy, the burden is on the defendant to prove withdrawal from the

conspiracy by a preponderance of the evidence.  *Smith v. United States*, 568 U.S. 106, 109-111, 133 S.Ct. 714, 718-720 (2013).  A defendant's withdrawal from the conspiracy starts the clock running on the time within which the defendant may be prosecuted, and provides a complete defense when withdrawal occurs beyond the applicable statute-of-limitations period.  *Id.*, 568 U.S. at 111, 133 S.Ct. at 719-20.

The superseding indictment and third superseding indictment allege that Defendant Lew participated in a conspiracy that continued into April 2012.  It alleges two overt acts of mail fraud and two overt acts of wire fraud that occurred within five years of the superseding indictment.  *Superseding Indictment* (ECF No. 14), at 7-9.  Defendant Lew has the burden of proving that she withdrew and when she withdrew from the conspiracy.  That is a factual issue for trial and not a proper issue for determination on a motion to dismiss.  Accordingly,

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 254) be denied.

DATED this 20th day of April, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE