UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-CR-21 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| LEILANI LEW, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Foley's report and recommendation ("R&R"). (ECF No. 280). Defendant Leilani Lew filed an objection to the R&R (ECF No. 298), and the government filed a response (ECF No. 311).

**I.  Background**

On February 8, 2017, a grand jury sitting in the District of Nevada returned a superseding criminal indictment charging defendant and others with one count of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349, two counts of mail fraud in violation of 18 U.S.C. § 1341, and two counts of wire fraud in violation of 18 U.S.C. §1343. (ECF No. 14). The February 8, 2017, superseding criminal indictment was the first indictment in this matter to include Lew as a defendant. (*See* ECF No. 14). On April 12, 2017, a grand jury returned a third superseding indictment containing identical allegations as to defendant. (ECF No. 129).[1]

Count one charges defendant with conspiracy to commit mail fraud and wire fraud for participating in a telemarketing scheme that lasted from October 2010, to April 2012. (ECF No.

---

[1] On March 15, 2017, a grand jury returned a second superseding indictment charging Lew with the same crimes. (ECF No. 82). Each successive superseding indictment included additional codefendants. (ECF No. 82); (ECF No. 129).

**James C. Mahan**
**U.S. District Judge**

14 at 1). Counts two and three charge defendant with acts of mail fraud that occurred on February 10, 2012, and March 19, 2012. *Id.* at 7-8. Counts four and five charge defendant with acts of wire fraud that occurred on February 9, 2012, and March 19, 2012. *Id.* at 9.

The alleged objective of the conspiracy was to cheat timeshare owners out of money by promising to sell timeshares in return for the owner paying half of the costs associated with the purported sales in advance, a criminal telemarketing scheme commonly known as "the buyer's pitch." *Id.* at 2. However, there were no buyers, and the timeshare sales were never arranged and never occurred. *Id.* The defendant and her co-defendants allegedly operated the fraudulent scheme under the name "Holiday Advertising," among others. *Id.* at 3. Through this conspiracy, defendant and her co-defendants allegedly defrauded more than 1,000 victims, many of them elderly, out of more than $3,330,000. *Id.* at 2. Defendant Daniel Boyar was the alleged leader of the conspiracy. *Id.* at 3. Boyar allegedly operated the primary call room in or near Orlando, Florida, where he lead more than five co-conspirators in the execution of the fraud scheme. *Id.* Lew allegedly participated as an administrator in the entire fraudulent scheme and engaged in various acts in furtherance of the conspiracy. *Id.* at 2-7.

## II.     Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

## III.    Discussion

In her motion to dismiss, defendant asserts the "undisputed fact" that she was employed by Holiday Advertising from October 16, 2010, to August 19, 2011. (ECF No. 254 at 5). Defendant asserts this fact is undisputed because it is supported by discovery prepared and provided to defense counsel by the United States, specifically defendant's payroll checks. (ECF No. 254 at 5-6). Defendant argues that her participation in the conspiracy ended on the last day of her employment, August 19, 2011, and the charges against her are therefore barred under 18 U.S.C. §

3282, which sets a five-year statute of limitations. *Id.* at 7. The government contends, however, that the conspiracy was still ongoing within the limitations period, and defendant therefore bears the burden of proving that she withdrew from the conspiracy prior to February 8, 2012. (ECF No. 267 at 3-5). The government further argues that whether defendant withdrew from the conspiracy is a question of fact to be determined at trial. (ECF No. 267 at 4).

In the report and recommendation, Magistrate Judge Foley recommended denial of defendant's motion to dismiss because whether (and when) she withdrew from the conspiracy is a factual issue for trial. (ECF No. 280).

In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (citing *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)). "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence . . . The Court should not consider evidence not appearing on the face of the indictment." *Id.* (quoting *Jensen*, 93 F.3d at 669); *see also United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014).

The court may "make preliminary findings of fact necessary to decide the legal questions" presented by a motion under Rule 12 of the Federal Rules of Criminal Procedure, but "the court may not invade the province of the ultimate finder of fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (internal quotation marks omitted). Where an issue generally appropriate for consideration under Rule 12(b) is "intermeshed with questions going to the merits," the issue should be determined at trial. *See Nukida*, 8 F.3d at 669-670; *United States v. Gardley,* No. 2:10–CR–236–GMN–PAL, 2013 WL 4786208, at *3 (D.Nev. Sept. 5, 2013) (defendant's assertion that the charge against him is barred by the statute of limitations because he withdrew from the conspiracy is "an affirmative defense 'intermeshed with questions going to the merits' and it is a 'premature challenge to the sufficiency of the government's evidence.'" (quoting *Nukida*, 8 F.3d at 670)).

18 U.S.C. § 1349 provides that any person who attempts or conspires to commit mail fraud, under 18 U.S.C. § 1341, or wire fraud, under 18 U.S.C. § 1343, shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the

conspiracy. Co-conspirators are criminally liable for reasonably foreseeable overt acts committed by others in furtherance of the conspiracy they have joined, whether they are aware of them or not. *Pinkerton v. United States*, 328 U.S. 640, 647 (1946); *United States v. Gadson*, 763 F.3d 1189, 1214-15 (9th Cir. 2014); *United States v. Hernandez-Orellana*, 539 F.3d 994, 1007 (9th Cir. 2008). Due process, however, constrains the application of *Pinkerton* where the relationship between the defendant and the substantive offense is slight. *Gadson*, 763 F.3d at 1216.

In order for a conspiracy to have occurred during the statute of limitations period, only one overt act in furtherance of the conspiracy must have occurred during that period. *United States v. Wilbur*, 674 F.3d 1160, 1171 (9th Cir. 2012) (citing *United States v. Fuchs*, 218 F.3d 957, 961 (9th Cir. 2000)). Generally, a conspiracy continues until there is affirmative evidence of "abandonment, withdrawal, disavowal or defeat of the object of the conspiracy." *Id.* at 1176 (quoting *United States v. Recio*, 371 F.3d 1093, 1096 (9th Cir. 2004)). To withdraw from a conspiracy, "a defendant must either disavow the unlawful goal of the conspiracy, affirmatively act to defeat the purpose of the conspiracy, or take 'definitive, decisive, and positive' steps to show that the [defendant's] disassociation from the conspiracy is sufficient." *United States v. Lothian*, 976 F.2d 1257, 1261 (9th Cir. 1992) (quoting *United States v. Loya*, 807 F.2d 1483, 1493 (9th Cir. 1987)); *Reisman v. United States*, 409 F.2d 789, 793 (9th Cir. 1969).

In *Reisman*, the court held that the defendant remained liable for participation in a conspiracy to commit mail fraud even though he resigned from the company operating the scheme and ceased to participate in the company's day-to-day business operations. *Reisman,* 409 F.2d at 793. The court held that because defendant remained a major stockholder and took no affirmative action to disavow the object of the conspiracy, his resignation did not constitute a withdrawal or terminate his liability for the continuing conduct of his co-conspirators. *Id.*

Here, defendant argues that the charges against her are barred under 18 U.S.C. § 3282, which sets a five-year statute of limitations, because she quit her employment with Holiday Advertising more than five years prior to being charged in the superseding indictment. (ECF No. 298 at 7-8). However, whether defendant's alleged termination constitutes a withdrawal is a question of fact to be determined at trial, not in a pretrial motion to dismiss. *See Smith v. United*

*States*, 568 U.S. 106, 109-111 (2013); *Nukida*, 8 F.3d at 669-70. First, it is not clear whether defendant ended her employment on the date alleged. In ruling on a pre-trial motion to dismiss, the district court is bound by the four corners of the indictment and the indictment here does not support such an assertion. *See Boren*, 278 F.3d at 914. Second, even if it did, it is not clear that termination is equivalent to withdrawal. *See Reisman*, 409 F.2d at 793. Like the defendant in *Reisman,* who resigned but retained ties to the company, Lew's termination may not have constituted a complete withdrawal. This is a matter best left to a finder of fact.

Here, there are factual questions which must be considered together with defendant's statute of limitations defense. *See Nukida*, 8 F.3d at 669 (pretrial determination of subject matter jurisdiction issue was not appropriate where claim was "intermeshed with questions going to the merits."). Accordingly, dismissal at this stage of the proceedings would be inappropriate.

### IV. Conclusion

For the reasons set forth in Judge Foley's R&R and above, the court will deny defendant's motion to dismiss.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's report and recommendation (ECF No. 280) be, and the same hereby is, adopted in its entirety.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 254) be, and the same hereby is, DENIED.

DATED June 19, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -