UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br>LEILANI LEW,<br><br>  Defendant. | Case No.: 2:17-CR-00021-JCM-GWF<br><br>**ORDER**<br><br>**Re: Motion to Sever (ECF No. 330)** |

This matter is before the Court on Defendant Leilani Lew's Motion to Sever Trial from Co-Defendant (ECF No. 330), filed on July 21, 2018. The Government filed its Response (ECF No. 338) on August 3, 2018, and Defendant filed her Reply (ECF No. 342) on August 10, 2018. The Court conducted a hearing in this matter on August 22, 2018.

**BACKGROUND**

Defendant Leilani Lew is charged in a third superseding indictment filed on April 12, 2017.[1] *Third Superseding Indictment* (ECF No. 129). Although several other defendants were named, only Defendants Lew and Barbara Lizardo remain as active defendants. Count one of the indictment alleges that the defendants participated in a conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349. The conspiracy took place from October 2010 to in or about April 2012. The alleged object of the conspiracy was to cheat timeshare owners out of money by promising to sell their timeshares in return for the owners paying in advance half the costs associated with the purported sales. However, there were no buyers and the timeshare sales

---

[1] Ms. Lew was first charged in a superseding indictment filed on February 8, 2017. *Superseding Indictment* (ECF No. 14).

1

were never arranged and never occurred. *Id.* at 2. Defendant Lew allegedly participated as an administrator in the fraudulent scheme and engaged in various acts in furtherance of the conspiracy. *Id.* at 2-8. She is also charged in counts two and three with acts of mail fraud, in violation of 18 U.S.C. § 1341, that occurred on February 10, 2012 and March 19, 2012; and in counts four and five with acts of wire fraud, in violation of 18 U.S.C. § 1343, that occurred on February 9, 2012 and March 19, 2012. *Id.* at 8-11.

Defendant Lew previously moved to dismiss the indictment on statute of limitations grounds, arguing that her alleged participation in the conspiracy ended when she left her employment with Holiday Advertising in August 2011. The Government argued, however, that the conspiracy was still ongoing within the statute of limitations period, and that Defendant has the burden of proving that she withdrew from the conspiracy prior to February 8, 2012. The Court denied Defendant Lew's motion to dismiss on June 1, 2018. *Order* (ECF No. 323).

Defendant Lew now moves to sever her trial from that of Co-Defendant Lizardo. Defendant cites three grounds in support of her motion for severance. First, she argues that Lizardo made the following inculpatory statement regarding Ms. Lew during a proffer session with the Government: "'Lizardo advised that she had her daughter and had to take some time off but that when she returned Leilani was the manager of the admin department.'" *Motion* (ECF No. 330), at 5. Defendant Lew argues that if the Government introduces this statement against Lizardo at trial, and the latter does not testify, she will be deprived of her Sixth Amendment right to confront the witnesses against her in violation of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004) and *Bruton v. United States*, 391 U.S. 123, 137, 88 S.Ct. 1620 (1968). Second, Defendant Lew argues that severance should be granted because she and Lizardo have mutually exclusive or antagonistic defenses. Third, Lew argues that she will prejudiced by the "spillover" effect of the much greater evidence against Lizardo.

## **DISCUSSION**

Rule 8(b) of the Federal Rules of Criminal Procedure permits the joinder of defendants who have allegedly participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses. Codefendants jointly charged are, prima facie,

2

to be jointly tried. *United States v. Mariscal,* 939 F.2d 884, 885 (9th Cir. 1991). This rule "should be construed broadly in favor of initial joinder." *United States v. Ford,* 632 F.2d 1354, 1373 (9th Cir.), *cert. denied,* 450 U.S. 934 (1981). Joinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence. *United States v. Vasquez–Velasco,* 15 F.3d 833, 844 (9th Cir. 1994). There is a strong preference for joint trials because separate trials would "impair both the efficiency and the fairness of the criminal justice system" by requiring the United States to "bring separate proceedings, presenting the same evidence again and again[.]" *Richardson v. Marsh,* 481 U.S. 200, 210, 107 S.Ct. 1702, 1708 (1987). A joint trial is also particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the evidence would be admissible against each of them in separate trials. *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004).

Rule 14 provides relief from joinder if the defendant satisfies the "heavy burden" of showing that prejudice will result from joinder. *United States v. Sitton,* 968 F.2d 947, 961 (9th Cir. 1992). Because some prejudice results from any joinder, "if only 'some' prejudice is all that need be shown [for severance], few, if any, multiple defendant trials could be held." *United States v. Vaccaro,* 816 F.2d 443, 448 (9th Cir. 1987). "Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States,* 506 U.S. 534, 540, 113 S.Ct. 933, 938 (1993). Severance should only be granted if there is a serious risk that a joint trial would either compromise a specific constitutional right of one of the defendants or prevent the jury from compartmentalizing the evidence as it relates to individual defendants. Even where the risk of prejudice seems high, such risk can often be cured by "less drastic measures, such as limiting instructions[.]" *Id.*, 506 U.S. at 539, 113 S.Ct. at 938. *See also United States v. Escalante,* 637 F.2d 1197, 1201-02 (9th Cir. 1980).

The Ninth Circuit has developed a four-part test to aid the district court's determination of whether severance should be granted. These factors include: (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant;

(2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether the defendants can show with some particularity, a risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *United States v. Hernandez–Orellana,* 539 F.3d 994, 1001 (9th Cir. 2008) (citing *United States v. Sullivan,* 522 F.3d 967, 981-82 (9th Cir. 2008)). The most important factors are whether the jury can compartmentalize the evidence against each defendant and the judge's diligence in providing evidentiary instructions to the jury. *Sullivan,* 522 F.3d at 981-82.

### 1. Whether Severance is Required Pursuant to *Crawford* and *Bruton*.

In *Crawford v. Washington,* the Supreme Court held that a defendant's Sixth Amendment right to confront and cross examine the witnesses against him precludes the admission of testimonial statements of a witness who does not appear at trial, unless the witness is unavailable to testify and the defendant had a prior opportunity to cross-examine the witness. While not spelling out a comprehensive definition of "testimonial," the Court stated that "it applies at minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." 541 U.S. at 68, 124 S.Ct. at 1374. The Ninth Circuit, quoting *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 310, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), further states that "[a] statement is testimonial when it is 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *United States v. Rojas–Pedroza,* 716 F.3d 1253, 1267 (9th Cir. 2013).

There is no dispute that statements made by Co-Defendant Lizardo during her proffer session(s) with the Government are testimonial within the meaning of *Crawford*. Although the Government's position on the introduction of proffer statements made by Lizardo is not entirely clear, the Government's counsel indicated at the hearing that Lizardo's proffer statements would be introduced against her at trial only if she testified contrary to those statements. In that event, Lizardo would be available for cross-examination by Defendant Lew and the latter's confrontation rights would not be violated.

In *Bruton v. United States*, 391 U.S. 123, 137, 88 S.Ct. 1620, 1628 (1968), the Supreme Court held that the admission at trial of a non-testifying codefendant's confession which explicitly implicated the defendant violated his Sixth Amendment right to confront and cross-examine the witnesses against him. In so holding, the Court stated: "Despite the concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination." *Id*. In *Richardson v. Marsh,* 481 U.S. at 206–07, 107 S.Ct. at 1707, the Court stated that *Bruton* created only a "narrow exception" to the general rule that a witness whose testimony is introduced at a joint trial is not considered to be a witness against the defendant if the jury is instructed to consider that evidence only against another defendant. The general rule is predicated on the presumption that jurors will follow the instructions given to them. Unlike the confession in *Bruton,* the redacted confession of the codefendant in *Richardson* did not directly implicate the defendant in the crime and did not even mention her existence. The Court held that the Confrontation Clause is not violated by the admission of a non-testifying codefendant's confession with a proper limiting instruction where the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence. *Id.*, 481 U.S. at 211, 107 S.Ct. at 1709. In *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151 (1998), however, the Court held that simply redacting the defendant's name from the codefendant's confession is not sufficient where there remains a direct and obvious inference that the other person implicated by the confession is the defendant.

The Ninth Circuit has held that the admission of a codefendant's statement, which does not incriminate the defendant unless it is linked with other evidence introduced at trial, does not violate the defendant's Sixth Amendment rights. *United States v. Hoac,* 990 F.2d 1099, 1105 (9th Cir. 1993). In *United States v. Olano,* 62 F.3d 1180 (9th Cir. 1995), the defendants were jointly tried on charges of bank fraud. At trial, the court admitted prior statements made by codefendants who did not testify and gave a limiting instruction that the statements could only be considered as evidence against the defendants who made the statements. In holding that the admission of these statements did not violate the defendant's Sixth Amendment rights, the court

stated: "None of the codefendants' statements incriminated Olano on their face. Unlike the full blown confession that was the subject of *Bruton,* the grand jury and deposition testimony of Hilling, Marler, and Gray that was read to the jury plainly did not have a sufficiently 'devastating' or 'powerful' inculpatory impact to be incriminating on its face." *Olano,* 62 F.3d at 1195. In *United States v. Angwin,* 271 F.3d 786, 796 (9th Cir. 2001) (overruled on other grounds by *United States v. Lopez,* 484 F.3d 1186 (9th Cir. 2007)), the court stated that "[u]nder *Bruton* and its progeny, the admission of a statement made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, clearly and powerfully implicates that defendant." *See also United States v. Hernandez–Orellana,* 539 F.3d at 1001.

In opposing Defendant Lew's motion for severance, the Government has impliedly represented that it does not intend to introduce testimonial statements by Lizardo that implicate Lew, so long as Lizardo does not testify in contradiction to her own statements. Even if the statement is admitted at trial, Defendant Lew has not shown that it so facially, expressly, clearly and powerfully implicates her as to require severance. Defendant Lew's motion to sever based on *Crawford* and *Bruton* must therefore be denied.

### 2. Severance Based on Mutually Exclusive or Antagonistic Defenses.

Defendant Lew argues that severance is required because the defendants intend to present mutually exclusive defenses. She notes that "[a] defense will be considered mutually exclusive when 'acquittal of one codefendant would necessarily call for the conviction of the other.'" *Motion to Severe* (ECF No. 330) at 7 (citing *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991)).

Mere inconsistency in defense positions is insufficient to find that the codefendants' defenses are antagonistic. *United States v. Tootick,* 952 F.2d 1078, 1081 (9th Cir. 1991). Furthermore, "[a]ntagonism between defenses or the desire of one defendant to exculpate himself by inculpating a codefendant . . . is insufficient to require severance." *United States v. Thockmorton,* 87 F.3d 1069, 1072 (9th Cir. 1996) (citing *United States v. Sherlock*, 962 F.2d 1349, 1363 (9th Cir. 1989), *cert. denied sub nom. Charley v. United States*, 506 U.S. 958, 113 S.Ct. 419 (1992)). *See also Zafiro v. United States*, 506 U.S. at 538, 113 S.Ct. at 938. In *United*

*States v. Voigt,* 89 F.3d 1050, 1095 (7th Cir. 1996), the court noted that finger-pointing and blame-shifting among co-conspirators, standing alone, does not support a finding of mutually exclusive defenses. In *United States v. Smith*, 44 F.3d 1259, 1266–67 (4th Cir. 1995), the court stated that "because joint participants in a scheme often will point the finger at each other to deflect guilt from themselves or will attempt to lessen the importance of their role, a certain amount of conflict among defendants is inherent in most multi-defendant trials. In order to justify a severance, however, joined defendants must show that the conflict is of such magnitude that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty." *Throckmorton*, 87 F.3d.at 1072, states that "[t]o be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes the acquittal of the defendant."

Defendant Lew has failed to meet her burden to show that severance is required based on mutually exclusive or antagonistic defenses. Lew argues that she played only a minor role in the alleged conspiracy in comparison to Lizardo's more substantial role. This does not show that their defenses are antagonistic, let alone that Lew cannot be also acquitted if Lizardo is acquitted. Nor has Lew shown that Lizardo's defense contradicts her statute of limitations defense. Defendant Lew asserted in her motion to dismiss that her involvement in the alleged conspiracy ended when she stopped working for the telemarketing company in August 2011. The only specific evidence that she points to in her motion for severance is Lizardo's statement that when she returned to work after her daughter was born, Lew was the manager of the administrative department. This statement does not necessarily contradict Lew's statute of limitations defense, since there is no indication that Lizardo returned to work after Lew's employment ended in August 2011. Defendant's motion for severance on this ground should also be denied.

. . .

. . .

. . .

. . .

### 3. Severance Based on "Spillover" of Evidence Against Lizardo.

Defendant Lew argues that severance should be granted because the "spillover" of the substantially greater evidence against Lizardo will result in her conviction. The Government does not dispute that there is more evidence against Lizardo. It asserts, however, that there is also substantial evidence against Defendant Lew.

"In assessing the prejudice to a defendant from the 'spillover' of incriminating evidence, the primary consideration is whether 'the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in view of its volume and the limited admissibility of the evidence.'" *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992) (citing *United States v. Escalante*, 637 F.2d at 1201). "A critical factor in this assessment is 'the judge's diligence---or lack thereof---in instructing the jury on the purposes to which various strands of evidence may be put.'" *Id.* (citing *United States v. Douglas* 780 F.2d 1472, 1479 (9th Cir. 1986)). *See also United States v. Vasquez-Velasco*, 15 F.3d at 846. A defendant seeking severance based on the "spillover" of evidence admitted against a co-defendant must demonstrate the insufficiency of limiting instructions given by the judge. *United States v. Nelson*, 137 F.3d 1094, 1108 (1998). *See also United States v. Shields*, 673 Fed.Appx. 625, 628 (9th Cir. Dec. 21, 2016) (unpublished memorandum).

Defendant Lew has not met her heavy burden to establish grounds for severance based on the spillover of the evidence against Co-Defendant Lizardo. She has not described the nature or volume of the evidence against Lizardo as compared to herself. Nor has she demonstrated that potential prejudice from the spillover of evidence cannot be sufficiently cured by jury instructions. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lew's Motion to Sever Trial from Co-Defendant (ECF No. 330) is **denied**.

DATED this 29th day of August 2018.

*George Foley Jr.*

**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**