UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>    v.<br>LEILANI LEW,<br><br>                  Defendants. | Case No.: 2:17-cr-00021-JCM-GWF<br><br>**ORDER**<br><br>**Re: Motion for Disclosure (ECF No. 331)** |

This matter is before the Court on Defendant's Motion for Disclosure of *Brady, Giglio*, and Jenks Act Materials (ECF No. 331), file on July 21, 2018. The Government filed its Response (ECF No. 339) on August 3, 2018. The Court conducted a hearing in this matter on August 22, 2018.

**BACKGROUND**

Defendant Leilani Lew is charged in a third superseding indictment filed on April 12, 2017.[1] *Third Superseding Indictment* (ECF No. 129). Count one of the indictment alleges that the defendants participated in a conspiracy to cheat timeshare owners out of money by promising to sell their timeshares in return for the owners paying in advance half the costs associated with the purported sales. However, there were no buyers and the timeshare sales were never arranged and never occurred. *Id.* at 2. The conspiracy allegedly took place from October 2010 to in or about April 2012. Defendant Lew allegedly participated as an administrator in the fraudulent scheme and engaged in various acts in furtherance of the conspiracy. *Id.* at 2-8. She is also charged in counts two and three with acts of mail fraud that occurred on February 10, 2012 and

---

[1] Ms. Lew was first charged in a superseding indictment filed on February 8, 2017. *Superseding Indictment* (ECF No. 14).

1

March 19, 2012; and in counts four and five with acts of wire fraud that occurred on February 9, 2012 and March 19, 2012. *Id.* at 8-11. Defendant Lew asserts that the statute of limitations bars the prosecution against her because she withdrew from the alleged conspiracy in or about August 2011.

The Complex Case Schedule (Stipulation) (ECF NO. 120), filed on March 28, 2017, states that the Government would "begin providing its Rule 16 disclosures to the defendant within thirty (30) days of arraignment and, consistent with its ongoing discovery obligations, turn over additional materials as they become available." *Id.* at 3. The Government also agreed to disclose material covered by the Jencks Act, 18 U.S § 3500(b), no later than twenty-one (21) days before trial, subject to certain caveats. *Id.*

Defendant has served a "Demand for Discovery" on the Government that requests production of the following items:

> 1. The substance of any relevant oral statement made by DANIEL MARTIN BOYAR, LEILANI LEW, BARBARA STEPHANIE LIZARDO, TOMASZ MARCINIAK, BRITNEY LEIGHANN NEWMAN, MARIBEL PAGAN, SUSAN M. SIEGEL, and ADAM MANUEL YOUNASSOGHLOU (collectively "the defendants") before or after the arrest(s), made to government agents, or any state or local law enforcement agent, in any form, recorded or written, in any medium. This or these draft(s) and any other draft, as well as the notes, or other memorialization of the interview(s) which were used to prepare this draft, and any FBI 302's must be disclosed to the defense.
>
> 2. Police reports or notes from when Paul Marciniak spoke with Det. Daniel Shaw or other local law enforcement regarding the alleged conspiracy.
>
> 3. All Grand Jury transcripts relating to the defendants and this matter.
>
> 4. Criminal records of all witnesses the Government intends to call at the time of trial.
>
> 5. All written or recorded statements of the parties or witnesses pursuant to Rule 16(A)(1)(B)(i)(ii) and (iii).
>
> 6. Statements made via Twitter, telephone, e-mail, social media sites by defendants or witnesses as it relates to Lew's participation in any of the conduct as alleged in the Third Superseding Criminal Indictment filed on April 12, 2017.
>
> 7. Copies of all text messages and any other form of electronic

2

communication to or from the defendants or the states witnesses as it relates to Lew's participation in any of the conduct as alleged in the Third Superseding Criminal Indictment filed on April 12, 2017. Rule 16(a)(1)(E)(i). Evidence which negates Lew's knowledge of the scheme, intent to participate the scheme, or direct effort to dissociate from the scheme would also be exculpatory material under Brady. The omission of any such statement or direction by the defendants is similarly relevant, material and exculpatory.

8. Any and all handwritten notes, reports, summaries, log book entries, memo book entries, or other documentation or recordings generated by state, local and federal law enforcement agents participating in or present at the detention, interrogations, and/or questioning of defendants or witnesses on all occasions.

9. Copies of any written or typed statements provided to any of the defendants or witnesses to sign, whether signed or not, and any and all drafts of any purported statements, whether signed or not and identification of the agent or officer or individual who drafted said statement(s);

10. Communications between the different law enforcement agencies in the investigation of the defendants.

11. Any and all agreements memorializing the cooperation of a witness or defendant in the case as well as any plea agreement the Government extended to a defendant, witnesses or target in this case.

These requests are not confined to discovery of materials in the actual possession of the Government, but as with all requests in this case, pertains to materials in their constructive possession and in the possession of agencies closely aligned with the prosecution.

*Motion* (ECF No. 331), *Exhibit A*.

The Demand clarifies that the defense is in possession of all documents previously deposited in the discovery database and the foregoing requests are not directed at those materials. The Government asserts that the Demand was emailed to it on July 18, 2018, and that Defendant's counsel did not attempt to confer with the Government's counsel about the requests prior to filing the instant motion on July 21, 2018. *Response* (ECF No. 339), at 3. Defendant has not disputed these assertions.

. . .

. . .

3

**DISCUSSION**

At the hearing on this motion, Defendant's counsel did not identify any specific items that the Government has a legal duty to produce and is withholding, other than materials governed by the Jencks Act which the Government maintains it is not presently obligated to produce. Defendant's counsel acknowledged that he is essentially seeking a prophylactic order directing the Government to produce items that it has duty to produce under Fed.R.Crim.P. 16 or pursuant to *Brady/Giglio*. Having considered this matter further, the Court determines that issuance of a prophylactic order is not appropriate.

LCR 16(c) of the Local Rules of Criminal Practice of the District of Nevada states as follows:

> Before filing any motion for discovery, the attorney for the moving party must meet and confer with the opposing attorney in a good-faith effort to resolve the discovery dispute. Any motion for discovery must contain a statement by the moving party's attorney certifying that after personal consultation with the attorney for the opposing party, he or she has been unable to resolve the dispute without court action.

The purpose of LCR 16(c) "is to allow the court to understand precisely the issue to be resolved, and where the disagreements lie." *United States v. Toomer*, 2018 WL 3745815, at *9 (D.Nev. Aug. 6, 2018). The court noted that defense counsel's affidavit in support of the motion "is not helpful because it does not explain the contours of the remaining discovery disputes. Here, the government indicates that it has completed its Rule 16 discovery obligations and understands its on-going discovery responsibilities." *Id.* Because the court was unable to determine whether there was a genuine dispute regarding any particular category of discovery, it declined to address the motion.

Defendant's counsel entered his appearance in this case on May 3, 2018. Understanding that Defendant's counsel needed time to review and become familiar with the case, it was still unreasonable to wait until only four days before the pretrial motion deadline to serve a boilerplate demand for discovery, and then file a motion to compel without first attempting to meet and confer with Government. Defendant was not justified in disregarding LCR 16(c)'s

4

requirement because of the pending pretrial motion deadline. Defendant could have requested an extension of the deadline to file a discovery motion so that the parties could first meet and confer. Rule 12(c)(3) also provides that the court may consider an untimely pretrial motion if the moving party shows good cause. If a defendant becomes aware after the pretrial motion deadline that the government has not produced documents or information that it has a legal duty to produce, he will likely have good cause to file a motion to compel production. Many, if not all, of the discovery requests in Defendant's Demand could probably be resolved or at least refined through the meet and confer process. Defense counsel's failure to engage in this process warrants the denial of the motion. Defendant's motion, in any event, does not set forth sufficient grounds to order the Government to produce any particular documents or information.

**1. Defendant's Requests Pursuant to Fed.R.Crim.P. 16(a)(1)(E)(i).**

Rule 16(a)(1)(E)(i) provides that upon the defendant's motion, the government must permit him to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, etc. in the government's possession, custody, or control, if the item is material to preparing the defense. Rule 16, however, does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by any attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does it authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 ("The Jencks Act"). *See* Rule 16(a)(2). It also does not apply to the discovery or inspection of a grand jury recording or transcript except as provided in Rules 6, 12(h), 16(a)(1) and 26.2. *See* Rule 16(a)(3).

Although there is no general constitutional right to discovery in criminal cases, the Ninth Circuit has stated that Rule 16 grants a criminal defendant a broad right to discovery. *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2009); *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). Under Rule 16, information is deemed to be in the possession of the government if the prosecutor has knowledge of and access to the documents sought by the defendant. *Stever*, at 752 (quoting *United States v. Santiago,* 46 F.3d 885, 893 (9th Cir.1995)). On a motion to compel production pursuant to Rule 16(a)(1)(E)(i), the defendant must make a threshold showing

of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense. *Id. See also United States v. Lucas*, 841 F.3d 796, 804 (9th Cir. 2016). The threshold is low and is satisfied so long as the information will help prepare the defense. *United States v. Galecki*, 2018 WL 3350872, at *4 (D.Nev. July 6, 2018) (citing *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016) (quoting *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013)). However, conclusory allegations of materiality or general descriptions of the information sought are insufficient. *Id.* (citing *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1184 (9th Cir. 2013)). The defendant must also create an inference that the requested materials exist since the court cannot compel the government to produce nonexistent materials. *Galecki*, at *4 (citing *United States v. Garcia-Gonzalez*, 791 F.3d 1175, 118-82 (9th Cir. 2015) and *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995)). *See also United States v. Lucas*, 841 F.3d at 804 (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

Paragraph 7 of Defendant's Demand requests "[c]opies of all text messages and any other form of electronic communication to or from the defendants or the [Government's] witnesses as it relates to Lew's participation in any of the conduct as alleged in the Third Superseding Criminal Indictment filed on April 12, 2017." The Demand states that "[e]vidence which negates Lew's knowledge of the scheme, intent to participate in the scheme, or direct effort to dissociate from the scheme would also be exculpatory material under Brady. The omission of any such statement or direction by the defendants is similarly relevant, material and exculpatory." The items requested in paragraph 7 would appear helpful to the defense and should be produced if they exist. Defendant has not created an inference, however, that the Government possesses documents within the scope of paragraph 7 that it has not already produced during discovery. Defendant should confer with the Government regarding the items listed in paragraph 7. If she can make the threshold showing that the Government possesses such items and is unwilling to produce them, then she can refile her motion.

. . .

. . .

### 2. *Brady/Giglio* Materials.

The Government has a constitutional duty under the Due Process Clause to disclose material exculpatory information, including information bearing on the credibility of government witnesses, i.e., impeachment evidence. *Kyles v. Whitley*, 514 U.S. 419, 432, 115 S.Ct. 1555, 1565 (1993). In *Kyles,* the Court noted that in *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97 (1963), it held "that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* In *Giglio v. United States*, 405 U.S. 150, 154-55, 92 S.Ct. 763, 766 (1972), the Court extended the Government's disclosure obligation to impeachment evidence. In *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383 (1985), the Court held that the government must disclose material exculpatory or impeachment evidence to the defendant regardless of whether it has been requested. Evidence is material if there is as a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

Some district court decisions have stated that on a pretrial motion for production, the court may order the government to produce exculpatory or impeachment evidence without making a determination that it is material. The rationale for not requiring a showing of materiality at the pretrial stage, is that it is impossible or extremely difficult to know whether particular evidence is material until it is evaluated in light of all the evidence presented at trial. *See United States v. Acosta*, 357 F.R.D. 1228, 1231-34 (D.Nev. 2005); *United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.D.Cal. 1999); and *United States v. Safavian*, 233 F.R.D. 12, 14 (D.D.C. 2005). In *United States v. Price*, 566 F.3d 900, 914 n.14 (9th Cir. 2009) and *United States v. Olsen*, 704 F.3d 1172, 1183 n.3 (9th Cir. 2013), the court favorably noted the analysis in *Acosta* and *Safavian.*

In *United States v. Lucas*, 841 F.3d at 807, however, the Ninth Circuit reiterated that "[u]nder *Brady*, the government must disclose information favorable to the accused that 'is material either to guilt or punishment.'" The defendant requested that the government produce evidence relating to "inter-sovereign collusion" between state and federal prosecutors. In

response to the defendant's request, the government affirmatively represented that it did not possess evidence of inter-sovereign collusion. The defendant argued that this conclusory representation did not discharge the government's *Brady* obligations. He argued that "the government must either produce information responsive to his requests or submit whatever it possesses to the district court for *in camera* review." In rejecting this argument, the court stated that *Brady* does not permit a defendant to sift through information held by the government to determine materiality. The court quoted *Pennsylvania v. Ritchie*, 480 U.S. 39, 59–60, 107 S.Ct. 989 (1987) as follows:

> "A defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files. Although the eye of an advocate may be helpful to a defendant in ferreting out information, this Court has never held ... that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary. In the typical case where a defendant makes only a general request for exculpatory material under *Brady*, it is the State that decides which information must be disclosed.... Defense counsel has no constitutional right to conduct his own search of the State's files to argue relevance."

*Id.* at 807.

The Court further stated:

> "Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Ritchie*, 480 U.S. at 60, 107 S.Ct. 989 (footnote omitted). To challenge the government's representation that it lacks *Brady* information, Lucas must either make a showing of materiality under Rule 16 or otherwise demonstrate that the government improperly withheld favorable evidence. *See, e.g.*, *id.* at 58 n.15, 107 S.Ct. 989 ("[Defendant], of course, may not require the trial court to search through [a statutorily-protected child abuse] file without first establishing a basis for his claim that it contains material evidence."). . . .

*Id.* at 808.

Commenting on its dicta in *United States v. Olsen*, 704 F.3d at 1183 n. 3., the court further stated:

> While *Olsen* encouraged prosecutors to err on the side of disclosure, it did not alter the fundamental construct of *Brady*, which makes the prosecutor the initial arbiter of materiality and disclosure. *See Ritchie*, 480 U.S. at 60, 107 S.Ct. 989. Thus, unless Lucas can make a showing of materiality or demonstrate that the government has withheld favorable evidence, he must rely on "the prosecutor's decision [regarding] disclosure." *Id.* Lucas has not made

8

> the requisite showing under *Brady* to contest the prosecutor's assertion that the government lacks any evidence of inter-sovereign collusion.

*Id.* at 809.

Defendant Lew has also not made the requisite threshold showing of materiality to justify an order requiring the Government to produce documents or information that it has not already produced.

**3. Jencks Act Material.**

Several of Defendant's request seek the statements of government witnesses or prospective government witnesses. The Jencks Act states that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). After the witness has testified, the court, on motion by the defendant, shall order the Government to produce any statement of the witness in its possession which relates to the subject matter of the witness's testimony. 18 U.S.C. § 3500(b). Fed.R.Crim.P. 26.2 incorporates the provisions of the Jencks Act, and subsection (g) extends its application to the production of a government witness's statement after the witness has testified at a suppression hearing or other pretrial evidentiary hearing. Rule 26.2(e) also provides that sanction may be imposed on the party who fails to provide a witness's statement as required under subsection (a).

The court cannot compel the Government to produce Jencks Act material prior to the witness's direct testimony at trial. *United States v. Spagnuolo*, 515 F.2d 818, 821 (9th Cir. 1975); *Unites States v. Bibbero*, 749 F.2d 581, 585 (9th Cir. 1984); and *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986) (a discovery order requiring the government to disclose a government witness's statement prior to trial is unenforceable). In addition, when the defendant seeks evidence that qualifies as both Jencks Act and *Brady* material, the Jencks Act standard controls. *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) (citing *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979)). Although the court in *United States v. Acosta*, 357 F.Supp.2d at 1235-36, stated that the district court could order pretrial disclosure of government

witness statements pursuant to Rule 26.2, that view has not been followed in subsequent decisions in this district. *See United States v. Toomer*, 2018 WL 3745815, at *8; *United States v. Galecki*, 2018 WL 3350872, at *4; *United States v. Yan Juan Zhen*, 2015 WL 727923, at *3 (D.Nev. Feb. 19, 2015); and *United States v. Bararia*, 2013 WL 3353343, at *6 (D.Nev. July 2, 2013).[2] Even if this court had the authority to order production of Jencks Act material prior to trial, Defendant has not shown that the Government's agreement to provide such materials 21 days before trial is unreasonable. Defendants motion to compel earlier disclosure of materials covered by the Jencks Act must be denied.

### 4. Grand Jury Transcripts.

Defendant seeks "[a]ll Grand Jury transcripts relating to the defendants and this matter." Demand, ¶ 3. A statement made by a potential government witness to the grand jury is governed by the Jencks Act. *See* 18 U.S.C. § 3500(e); *United States v. Alvarez*, 358 F.3d at 1207 n.7. Rule 6(e)(3)(E)(ii) provides that the court may authorize disclosure of grand jury recordings or transcripts at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. A party seeking disclosure of grand jury transcripts must demonstrate a particularized need for the disclosure. *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995). The standards to be applied are: (1) whether the requested material will avoid a possible injustice, (2) whether the need for disclosure is greater than the need for continued secrecy, and (3) that only relevant parts of the transcripts should be disclosed. *Id.* (citing *United States v. Walczak*, 783 F.2 852, 857 (9th Cir. 1986)). A speculative claim does not support a request for disclosure. *Walczak*, 783 F.2d at 857. The discharge of the grand jury does not end the need for secrecy, because the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. *United States v. Fishbach and Moore, Inc.*, 776 F.2d 839, 844 (9th Cir. 1985) (citing *Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct.

---

[2] Nothing stated herein is intended to suggest that Rule 26.2 does not govern with respect to disclosure of witness statements after the witness testifies at a pretrial evidentiary hearing.

1667, 1674 (1979)).  Defendant has not made any showing under Rule 6(e)(3)(E) to support her request for disclosure of the grand jury transcripts.

## **CONCLUSION**

Defendant failed to comply with the meet and confer requirement of LCR 16(c) prior to filing her motion for disclosure.  Defendant also failed to make a threshold showing that the Government is withholding documents or information that it is presently required to produce under Fed.R.Crim.P. 16, *Brady/Giglio*, the Jencks Act, or any other provision of law.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Disclosure of *Brady, Giglio*, and Jenks Act Materials (ECF No. 331) is **denied**.

DATED this 4th day of September, 2018.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**